**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laraine Evans, | No. CV 12-01089-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Special Health Care District, et al., | |
| Defendants. | |

Before the Court is the Motion to Dismiss by the Maricopa County Special Health Care District dba Maricopa Integrated Health Systems ("SHCD") (Doc. 5).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to

whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.

The Complaint in this case fails to meet the standard set by Fed. R. Civ. P. 8 because it does not clearly identify whom Plaintiff is suing for what wrongs.  The caption naming SHCD, "COBRA Administrator," and fictitious defendants is punctuated with a comma separating SHCD and "COBRA Administrator" and a semicolon separating those names from the fictitious defendants, which indicates that SHCD and "COBRA Administrator" are not independent entities.   Further, no summons was issued to "COBRA Administrator," nor has proof of service on "COBRA Administrator" been filed even though the Complaint was filed more than 120 days ago.  But Plaintiff's response to the motion to dismiss contends that SHCD lacks standing to seek dismissal of a co-defendant, the COBRA Administrator, as though "COBRA Administrator" is a separate defendant.

Adding to the confusion, the Complaint states, "Collectively, [SHCD] and COBRA Administrator are referred to interchangeably herein as Defendants."   The Complaint alleges "abuse, harassment, and discrimination by Defendants"; "bullying, ridicule, and retaliation by Defendant and [Plaintiff's] co-workers"; "Defendant and/or COBRA Administrator failed to provide Ms. Evans with any information regarding election of continuation of group insurance benefits"; "harassment Ms. Evans endured by Defendant was so frequent or severe that it created a hostile or offensive work environment"; "While employed by Defendants, Ms. Evans was harassed, intimidated, and forced to work in conditions where patients' rights and safety were being jeopardized"; "a direct and proximate result of Defendant's refusal to reasonably accommodate Ms. Evans"; etc.  The Complaint does not clearly identify which Defendant allegedly committed which acts.

Moreover, the Complaint does not provide each Defendant with notice of what they allegedly did wrong.  It alleges that Plaintiff was "the victim of pervasive and severe

- 2 -

harassment," but not whether that was related to her disability or to her reporting her concerns about patient safety.  Count I, against "All Defendants," is titled "Disability Discrimination and Harassment," but does not allege discrimination or harassment on the basis of disability.  Instead, it alleges, "On a systemic, severe, and pervasive basis during her employment, Ms. Evans was harassed, intimidated, and forced to work in conditions where patients' rights and safety were being jeopardized."  Count II, against "All Defendants," is titled "Disability Retaliation" and alleges she was terminated because she requested unpaid leave and she had submitted a complaint to the Nursing Board.  But Count III, against SHCD, is titled "Whistleblower Retaliation" and alleges she was terminated because she reported employees' disregard of patient health plans to the state Nursing Board.  Count V, against SHCD, is titled "Hostile Work Environment," but does not allege that "the intimidation, ridicule, and insult" were related to her disability or any other legal basis for a cause of action.

Finally, the Complaint alleges that Plaintiff was informed that her unpaid leave under the Family Medical Leave Act would end on July 20, 2011, and she must submit additional documentation regarding her health restrictions to be considered for further unpaid leave.  It alleges that her physician was unable to provide the additional documentation and ordered Plaintiff not to return to work for the next six months.  In her EEOC Charge of Discrimination, Plaintiff stated that on August 10, 2011, she received notice of SHCD's intent to terminate her employment.  The Complaint alleges that on August 17, 2011, Plaintiff requested unpaid leave, and on August 18, 2011, her employment was terminated because she was unable to perform the essential functions of her position.  As currently pled, Plaintiff's factual allegations imply that she quit her job, not that she was terminated.

Because leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiff will be given opportunity to amend the Complaint to cure the pleading deficiencies identified by the Court and by SHCD.

IT IS THEREFORE ORDERED that the Motion to Dismiss by the Maricopa County Special Health Care District dba Maricopa Integrated Health Systems (Doc. 5) is granted under Fed. R. Civ. P. 8.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint by September 7, 2012.  If Plaintiff does not file an amended complaint by September 7, 2012, the Clerk will terminate this case without further notice to Plaintiff.

Dated this 23rd day of August, 2012.

Neil V. Wake
United States District Judge

- 4 -