**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laraine Evans, | No. CV-12-01089-PHX-NVW |
| Plaintiff, | |
| vs. | **ORDER** |
| Maricopa County Special Health Care District, et al., | |
| Defendants. | |

Before the Court is the Motion for Dismissal of First Amended Complaint (Doc. 14) by the Maricopa County Special Health Care District dba Maricopa Integrated Health Systems ("Defendant").

**I.     BACKGROUND**

On August 23, 2012, upon Defendant's motion, the Complaint was dismissed with leave to file an amended complaint. (Doc. 10.)  On September 7, 2012, Plaintiff filed a First Amended Complaint. (Doc. 11.)  On October 5, 2012, Defendant moved to dismiss Plaintiff's First Amended Complaint under Fed. R. Civ. P. 12(b)(6).  (Doc. 14.)  In her Response in Opposition to Defendant's Motion to Dismiss (Doc. 15), Plaintiff stated that she has agreed to withdraw Count VI of the First Amended Complaint, which is titled "Failure to Provide COBRA Notice."  Plaintiff also clarified that the First Amended Complaint does not name the COBRA Administrator as a defendant and does not allege that Defendant is an entity governed by ERISA even though references to both remain in

the First Amended Complaint.  Further, Plaintiff stated that she is not alleging retaliation based on her complaint filed with the Arizona Board of Nursing.

Thus, the First Amended Complaint currently alleges three claims:  Count IV (Disability Discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112), Count V (Disability Retaliation under the ADA), and Count VII (Intentional Infliction of Emotional Distress under state law).

## II.    LEGAL STANDARD

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations.  *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III.   FACTS ASSUMED TO BE TRUE

The following facts are assumed to be true for the purpose of deciding the Motion for Dismissal of First Amended Complaint.  The Court does not decide whether in fact they are true.  The Court does not assume the legal conclusions included in the First Amended Complaint to be true.

Plaintiff was employed by Defendant as a Behavioral Health Technician in the Psych Annex at the Maricopa County Medical Center.  Plaintiff suffered from diagnosed depression and generalized anxiety disorder while she was employed by Defendant.  Plaintiff was prescribed medications to control the symptoms of her depression and

anxiety.  Plaintiff also needed to take frequent bathroom breaks because of "a botched bladder surgery," and Defendant was aware of her need.

In August 2010, Plaintiff began an absence from work due to stress.  She returned to work on October 24, 2010.  After returning to work, Plaintiff reported what she believed to be blatant disregard for patients' safety to her supervisor and the state Nursing Board.  Plaintiff was the target of bullying and ridicule by her co-workers, which exacerbated her medical condition and forced her to seek a second medical leave.

On June 27, 2011, while on medical leave, Plaintiff requested another medical leave under the Family Medical Leave Act ("FMLA").[1]  Plaintiff's physician advised Defendant after her leave began she would not be able to return to work without restrictions for 6-9 months.  On June 28, 2011, Plaintiff's physician faxed information to Defendant's Human Resources Department.  On June 30, 2011, Defendant requested "current medical documentation" from Plaintiff.

Plaintiff sought assistance from the EEOC on several occasions.  On July 6, 2011, Plaintiff completed the EEOC intake questionnaire, checking the boxes for disability and retaliation.  On July 8, 2011, a Charge of Discrimination was issued by the EEOC.

On July 31, 2011, Defendant terminated Plaintiff's health care benefits.  On August 10, 2011, Defendant informed Plaintiff that it was Defendant's intention to terminate her, but she had a right to a meeting with the Executive Director of Psychiatry Services.  The correspondence stated that Plaintiff was being dismissed for medical reasons, it was not a disciplinary measure, and it would not affect her ability to receive disability benefits.  But the final paragraph of the August 10, 2011 correspondence said

---

[1] The initial Complaint alleged that in June 2011 Plaintiff was on approved FMLA leave that would expire on July 20, 2011, and she was required to submit additional documentation from her treating physician in order to be considered for additional unpaid medical leave.

that she could present an oral or written statement "why the proposed disciplinary action is not appropriate."  Plaintiff attended a hearing and presented her position.

On August 12, 2011, the EEOC provided Plaintiff with a letter advising her that her case was being dismissed and provided her a notice of her right to sue.

By correspondence on August 18, 2011, Defendant terminated Plaintiff's employment.  The correspondence included a form that stated Plaintiff's medical and dental benefits would be active through the last day of August.  Plaintiff appealed the termination.

On August 23, 2011, Plaintiff provided the EEOC with a letter outlining her complaints.  On August 29, 2011, Plaintiff filed a Charge of Discrimination with the EEOC.  On September 29, 2011, Plaintiff completed another EEOC Intake Questionnaire.

On October 5, 2011, Plaintiff's physician provided a statement in support of disability benefits that stated Plaintiff could return to work full-time on December 27, 2011.  Plaintiff's physician also provided Defendant with documentation that Plaintiff would be unable to work without restrictions for 6-9 months.

On February 24, 2012, Plaintiff received another Notice of Rights from the EEOC, which closed her charge and notified her that she could file a lawsuit within 90 days.  On May 22, 2012, Plaintiff filed her initial Complaint in this lawsuit.

## IV.   ANALYSIS

### A.   Count IV (Disability Discrimination under the ADA, 42 U.S.C. § 12112)

Count IV alleges that Plaintiff's medical conditions, including depression, generalized anxiety disorder, and a bladder issue, are qualifying disabilities under the ADA.  It further alleges that Plaintiff "requested and was denied reasonable accommodation following the expiration of her FMLA in regards to her mental health and was also made to sit in one chair for hours at a time with no bathroom breaks."

- 4 -

1
2
Count IV alleges that Plaintiff was damaged as a result of Defendant's discrimination because her health benefits were terminated prior to her employment being terminated.

3
4
5
6
7
8
9
10
11
The First Amended Complaint does not specifically state what reasonable accommodation she requested, but it implies that the denial of reasonable accommodation refers to Defendant's denial of Plaintiff's June 27, 2011 request for "another medical leave under FMLA." It appears that Plaintiff contends that she should have been granted under FMLA unpaid medical leave with health benefits after the leave to which she was entitled under the FMLA expired.[2] The First Amended Complaint does not allege whether Plaintiff requested unpaid medical leave for a specific duration, only that her physician opined she would not be able to return to work without restrictions for 6-9 months.

12
13
14
15
16
17
18
19
20
21
Under the ADA, a "qualified individual" is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The term "reasonable accommodation" may include making facilities accessible and usable and "job restructuring, part-time or modified work schedules, reassignment to a vacant position, . . . and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9). Under some circumstances, unpaid medical leave may be a reasonable accommodation under the ADA if it does not pose an undue hardship on the employer. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999); *Dark v. Curry*

22
23
24
25
26
27
28
---
[2] The FMLA "allows 'eligible' employees of a covered employer to take job-protected, unpaid leave, or to substitute appropriate paid leave if the employee has earned or accrue it, for up to a total of 12 workweeks in any 12 months" because "the employee's own serious health condition makes the employee unable to perform the functions of his or her job." 29 C.F.R. § 825.100(a). "[A]n eligible employee's FMLA leave entitlement is limited to a total of 12 workweeks of leave during any 12-month period." 29 C.F.R. § 825.200(a). An employer is permitted to choose any of four methods for determining the "12-month period." The First Amended Complaint does not allege that Plaintiff was entitled to additional leave under the FMLA.

- 5 -

1

2

*Cnty.*, 451 F.3d 1078, 1090 (9th Cir. 2006).  However, "recovery time of unspecified

3

duration may not be a reasonable accommodation (primarily where the employee will not

4

be able to return to his former position and cannot state when and under what conditions

he could return to work at all)."  *Dark*, 451 F.3d at 1090.

5

As alleged, Plaintiff was unable to perform the essential functions of her

6

employment position and would continue to be unable to do so for 6-9 months.  Plaintiff

7

does not allege that she needed and requested recovery time of a specific duration, but

8

rather alleges chronic conditions for which she is prescribed medications that do not

9

enable her to work.  Plaintiff does not allege that an extended leave likely would permit

10

her to return to work, only that an extended leave would have permitted her to keep her

11

health benefits while not working.  As alleged, Plaintiff's request for unpaid leave of 6-9

12

months under these circumstances was not a request for reasonable accommodation.

13

Moreover, no factual allegation in the First Amended Complaint indicates that

14

Plaintiff was denied unpaid leave with health benefits "on the basis of disability."  *See* 42

15

U.S.C. § 12112(a).   The First Amended Complaint does not allege that employees

16

without disabilities were granted unpaid leave with health benefits for periods of

17

unspecified duration or for periods of 6-9 months.  Because the First Amended Complaint

18

does not allege discrimination on the basis of disability, Count IV fails to state a claim

19

upon which relief can be granted.

20

**B.     Count V (Disability Retaliation under the ADA)**

21

Count V alleges that Plaintiff's employment was terminated on August 18, 2011,

22

because of her continuing disability.  It also alleges that Defendant's motivating factor in

23

termination her employment was retaliation for her August 17, 2011, request for unpaid

24

leave as a reasonable accommodation for her disabilities.

25

As found above, as alleged, Plaintiff did not request a reasonable accommodation.

26

Further, as alleged, she had exhausted the unpaid leave to which she was entitled under

27

the FMLA and was unable to return to work.  Denying Plaintiff's request for extended

28

unpaid leave does not constitute retaliation for requesting extended unpaid leave. Because the First Amended Complaint does not allege retaliation on the basis of disability, Count V fails to state a claim upon which relief can be granted.

### C. Count VII (Intentional Infliction of Emotional Distress)

Count VII alleges that Defendant's discrimination, harassment, and retaliation against Plaintiff caused "her extreme emotional distress which ultimately led to her need for FMLA leave and termination." But the First Amended Complaint does not allege any facts that would show discrimination or retaliation before Plaintiff requested FMLA leave, and it only summarily alleges "pervasive and severe harassment," "bullying," and "ridicule."

Moreover, Plaintiff does not dispute that Defendant is a political subdivision of the State of Arizona, and that claims against Defendant are governed by A.R.S. § 12-821.01, which requires the filing of a notice of claim within 180 days after the cause of action accrues. She does not dispute that she has not filed a notice of claim regarding any state law claims. Instead, she contends that A.R.S. § 12-821.01 is preempted by the ADA. But she has pled Count VII as a claim under state law, not under the ADA, and therefore the notice of claim requirement applies.

Therefore, Count VII fails to state a claim upon which relief can be granted.

## V. LEAVE TO AMEND

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court has "especially broad" discretion to deny leave to amend where the plaintiff already has had one or more opportunities to amend a complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Because the First Amended Complaint fails to state a

- 7 -

1

2

claim upon which relief can be granted and further amendment is futile, Plaintiff's claims will be dismissed without further leave to amend.

3

4

IT IS THEREFORE ORDERED that the Motion for Dismissal of First Amended Complaint (Doc. 14) by the Maricopa County Special Health Care District dba Maricopa Integrated Health Systems is granted.

5

6

IT IS FURTHER ORDERED that the First Amended Complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted.

7

8

IT IS FURTHER ORDERED that the Clerk shall enter judgment dismissing this action with prejudice and shall terminate this case.

9

10

Dated this 26th day of November, 2012.

11

12

13

14

15

_____

Neil V. Wake
United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28